GOVERNOR — RECOMMENDATION OF PARDON AND PAROLE BOARD Under the provisions of Article VI, Section 10 of the Oklahoma Constitution, the Governor has no power to grant a pardon or parole absent a favorable recommendation of the Pardon and Parole Board. The Attorney General has received your letter wherein you ask the following question: "Does the Governor have the power to pardon and/or parole inmates incarcerated in the custody of the Corrections Department without a favorable recommendation or any recommendation from the Pardon and Parole Board?" The authority of the Governor to grant pardons and paroles is set forth in Article VI, Section 10 of the Oklahoma Constitution, which provides, in pertinent part, as follows: "There is hereby created a Pardon and Parole Board to be composed of five members; three to be appointed by the Governor; one by the Chief Justice of the Supreme Court; one by the Presiding Judge of the Criminal Court of Appeals or its successor. The appointed members shall hold their office coterminous with that of the Governor and shall be removable for cause only in the manner provided by law for elected officers not liable to impeachment. It shall be the duty of the Board to make an impartial investigation and study of applicants for commutations, pardons or paroles, and by a majority vote make its recommendations to the Governor of all deemed worthy of clemency. "The Governor shall have the power to grant, after conviction and after favorable recommendation by a majority vote of the said Board, commutations, pardons and paroles for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as may be prescribed by law. The Governor shall have power to grant after conviction, reprieves, or leaves of absence not to exceed sixty days, without the action of said Board. . . ." A plain reading of the above section clearly indicates that the Governor has no power to grant a pardon or a parole absent a favorable recommendation of the Pardon and Parole Board. This construction was placed upon Article VI, Section 10 of the Oklahoma Constitution, by the Court of Criminal Appeals in the case of Ex parte Irvin, 266 P.2d 984, wherein the following language appears in syllabus 4 by the Court: "The sole power to issue commutation after conviction for crime is vested in the Governor under the provisions of Oklahoma Constitution, Article VI, Section10. The application must be processed through the Pardon and Parole Board, and the Governor must have the benefit of a recommendation from that Board." It is, therefore, the opinion of the Attorney General that your question be answered in the negative. Under the provisions of ArticleVI, Section 10 of the Oklahoma Constitution, the Governor has no power to grant a pardon or parole absent a favorable recommendation of the Pardon and Parole Board. (MICHAEL CAUTHRON) (ksg)